**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1999A18547 |
| | § | |
| vs. | § | |
| | § | |
| Loren D. Harper | | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 15734 Sussex, Detroit, Michigan 48227.

**The Debt**

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,280.70 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,561.32 |
| C. Administrative Fee, Costs, Penalties | $23.55 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |

**Total Owed** **$3,865.57**

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

## I. DISCLOSURE OF CHARGES AND DISBURSEMENT OF LOAN

| ANNUAL PERCENTAGE RATE | Amount Financed | |
|---|---|---|
| The cost of your credit as a yearly rate. Prior to repayment 2.32 % During repayment 8.00 % | The amount of credit provided to you. $ 923.12 | **Late Charge:** If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. **Prepayment:** If you pay off early, you ☐ may ☒ will not have to pay a penalty. ☐ may ☒ will not be entitled to a refund of part of the finance charge. See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

**Itemization of the Amount Financed of $ 923.12**

Loan Amount $ 1000.00 Less: Prepaid Finance Charge $ 76.88 Equals: Amount paid to you $ 923.12

Includes: Guarantee Fee $ 26.88

Origination Fee $ 50.00 ( 5.0 % of Loan Amount)

Disbursement Schedule:

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge Guarantee Fee | Origination Fee | Amount Disbursed to You |
|---|---|---|---|---|---|
| 1st Disbursement | 05/25/84 | $ 1000.00 | $ 26.88 | $ 50.00 | $ 923.12 |
| 2nd Disbursement | | $ | | $ | $ |
| 3rd Disbursement | | $ | | $ | $ |

## II. PROMISE TO PAY

I, Loren D. Harper, promise to pay to the order of Citibank (NYS) NA Fairport NY (hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of Eight percent( 8 %) per annum. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section IV below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

## III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Subchapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

## IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be 6 months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
   A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
   C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:

1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

Upon my default, the lender may declare the following amounts immediately due and payable:

1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.

Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

**NOTICE TO BORROWER**

(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN.

BORROWER'S NAME AND ADDRESS
Loren D. Harper
16153 Ward St
Detroit MI 48235

Loren D. Harper 4/17/84
BORROWER'S SIGNATURE DATE

INDORSER'S SIGNATURE (IF ANY) DATE

The above signed accommodation party signs this Promissory Note in the capacity of an indorser within the meaning of the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment for payment, notice of nonpayment, protest, and notice of protest, and acknowledges and agrees that the lender has expressly reserved its right against the undersigned notwithstanding deferment of repayment in accordance with Section V of this Note or modification of terms in accordance with Section VI of this Note.

The foregoing instrument was acknowledged before me
This 17th day of April 1984
By Loren D. Harper — Name of Maker
Notary Public

UNCF APR 04 1984

ORIGINAL Please Return

Case 5:13-cv-12707-JCO-RSW ECF No. 1, PageID.4 Filed 06/19/13 Page 4 of 5

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

[signature] 12-15-98

NAME DATE

Lender Use Only
Actual Disbursement Date(s)

___/___/___, ___/___/___, ___/___/___

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section IV may be deferred. ... provided I comply with the p... ment period begins, ... circumstances: ... SLP in any of these

1. While I am enrolled in—

   A. Full-time study at a sc... United States and am st... n or national of the

   B. Full-time study at an i... the Federal Governmen... ted by an agency of

   C. A graduate fellowship p...

   D. A rehabilitation trainin... ducation.

2. For periods not exceeding ...

   A. On active duty in the ... of the United States Pu... Commissioned Corps

   B. Serving as a Peace Corp...

   C. Serving as a full-time ... programs) (e.g., VISTA ... of 1973 (ACTION

   D. Serving as a full-time ... 501 (c)(3) of the Int... ation under Section ... comparable to service i... n has determined is

   E. Temporarily totally d... employment because ... or unable to secure ... established by affidavit ... totally disabled, as

3. For a period not exceedi... determined is necessary fo... ry of Education has ... il practice or service.

4. For a single period not e... employment in the United ... ble to find full-time

To be granted a deferment, ... notify the lender as soon as t... I must subsequently

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

[signature]

By Thomas M. Hecki
Its Citibank Student Loan Center
(Manager)

By Citibank SLC
Its
Date 3/27/88

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

SLC Mailroom
APR 23 1991

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## TRANSFERENCE OF OWNERSHIP

If the lender transfers (e.g., sells) the loan and the ... right to receive payments, I must be sent a clear notification ... my loan was sold.

HARPER, LOREN D
CLAIM NO 1960702287344 07-27-93
DT 1

...THORIZATION ACT OF 1981 (P.L. 96.342)

... have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (10 U.S.C. 2141, note). Questions concerning the program should be addressed to: ... nder, Military Personnel Center, DAPC-PLP, Alexandria, VA 22306

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

Loren D. Harper
15774 Wisconsin
Detroit, MI 48238

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 12-15-98 .

On or about 4-17-84, the borrower executed promissory note(s) to secure loan(s) of $1000.00 from Citibank (NYS) NA. Fairport, NY at 8 percent interest per annum. This loan obligation was guaranteed by Higher Education Assistance Foundation , and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 6-23-87 , and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,280.70 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 7-27-93 , assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 1,280.70 |
| Interest: | $ 1,075.02 |
| Administrative/Collection Costs: | $ 23.55 |
| Late fees: | $ .00 |
| Total debt as of 12-15-98 : | $ 2,379.27 |

Interest accrues on the principal shown here at the rate of $.28 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/23/98

Name: [signature]
Title Loan Analyst
Branch Litigation